After a jury trial, the defendant, Lawrence J. Bradley, was convicted of operating a motor vehicle while under the influence of alcohol (OUI). In a separate proceeding after the jury trial, the judge found the defendant guilty of committing a second offense OUI. On appeal, the defendant claims that the judge erred in denying his request to instruct the jurors on the absence of breathalyzer evidence.[2] We affirm.
It is well settled in Massachusetts that evidence pertaining to the refusal to consent to breathalyzer testing is inadmissible in a criminal proceeding because such evidence is "testimonial in nature and ... its admission violates the privilege against self-incrimination under the Declaration of Rights of the Massachusetts Constitution." Commonwealth v. Ranieri, 65 Mass. App. Ct. 366, 371 (2006). Because, however, breathalyzer testing is within the jury's common knowledge, a limiting instruction that makes "no mention either of a defendant's legal right to refuse to take the breathalyzer or the possible reasons for any refusal" does not violate the defendant's right against self-incrimination. Commonwealth v. Downs, 53 Mass. App. Ct. 195, 199-200 (2001).[3]
During the charge conference, the defendant requested that the jury be instructed pursuant to Downs that they were not to consider any absence of breathalyzer evidence. The judge declined to give such an instruction after explaining that she generally gives a Downs instruction only in response to a note from the jury inquiring about a breathalyzer. The defense counsel did not object, but, rather, stated, "Okay." In stating "Okay," defense counsel acquiesced in the judge's approach, giving no indication of being dissatisfied with proceeding in the suggested manner. See Commonwealth v. Vallejo, 455 Mass. 72, 76-77, 81 n.9 (2009). Accordingly, the issue is waived, and we review the instructions only to determine whether any error created a substantial risk of a miscarriage of justice. See Commonwealth v. Beaudry, 445 Mass. 577, 587 (2005).
Passing on whether the judge erred in failing to provide the jury with the Downs instruction as requested by the defendant, if there was error, it was not significant enough for the outcome to be different. See Commonwealth v. Kelly, 470 Mass. 682, 697 (2015). The Commonwealth presented strong evidence of the defendant's intoxication based on the observations of the arresting officer, who testified to the defendant's slurred speech, consistent odor of alcohol, difficulty responding to basic requests, inability to perform field sobriety tests, and admission that he had "been drinking earlier." Moreover, the jury were explicitly instructed not to speculate, and no evidence was adduced concerning breathalyzer or blood alcohol testing that would have directed the jury's attention to the absence of such evidence. On this record, we have no doubt that the jury would have reached the same result even if the Downs instruction had been given.
Judgment affirmed.

The defendant also initially argued on appeal that the judge's failure to conduct a colloquy to determine whether the defendant knowingly, intelligently, and voluntarily waived his right to a jury at the subsequent offender trial was an error that created a substantial risk of a miscarriage of justice. This argument was based on the lack of such a colloquy in the transcriptions of those proceedings. Subsequently, recordings of the defendant's colloquy with the judge were obtained that were not a part of the original transcripts. Thereafter, the defendant filed a motion to withdraw this argument, which was assented to by the Commonwealth. At oral argument, the parties again agreed to withdraw this issue from consideration.

In Commonwealth v. Wolfe, 478 Mass. 142 (2017), the Supreme Judicial Court announced a new prospective rule that judges should generally "refrain from giving a Downs-type instruction absent a request by the defendant or some rare set of facts that specifically directs the jury's attention to the absence of alcohol-test evidence." Id. at 150. We need not decide whether the holding in Wolfe is applicable here in order to resolve the issues in this appeal.